# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| Javari L. Thomas | ) | Bankruptcy No. 13 B 05754 |
| | ) | Chapter 7 |
| | ) | |
| Debtor | ) | Judge Eugene R. Wedoff |
| | ) | |
| | ) | |

## OBJECTION TO AMENDED TRUSTEE'S FINAL REPORT

NOW COMES the Debtor, Javari L. Thomas, by and through his attorneys, David P. Lloyd, Ltd., objecting to the Amended Trustee's Final Report filed March 11, 2015, and in support thereof states as follows:

1. On March 9, 2015, the Trustee filed his Amended Trustee's Final Report, reciting that the Trustee is holding $24,601.96; providing for payment of $10,623.50 in administrative expenses, and providing for payment of the balance of $13,978.46 to creditors, including timely general unsecured creditors holding claims of $1,101.65, and one tardily filed general unsecured creditor, the U.S. Department of Education, holding a claim in the amount of $35,646.93; the proposed payment to the U.S. Department of Education is $12,876.81.

2. On March 11, 2015, the Trustee filed his Notice of Motion and Application for Compensation.

3. On March 14, 2015, the Clerk of Court mailed a Notice of Amended Trustee's Final Report and Applications for Compensation and Deadline to Object.

4. All funds held by the Trustee are the proceeds of a personal injury lawsuit against BNSF Railway Company. (the "BNSF Lawsuit"). The Court approved a settlement of said lawsuit on October 15, 2014.

5. The Debtor filed an Amended Schedule C, claiming an exemption in the amount of $15,000 in the BNSF Lawsuit pursuant to 735 ILCS 5/12-1001(h)(4), on December 10, 2013.

6. No party has objected to the Debtor's claim of exemption in the BNSF Lawsuit.

7. The Amended Trustee's Final Report does not provide for payment of the Debtor's exempt portion of the lawsuit proceeds, and the Amended Trustee's Final Report should not be approved.

8. The Debtor's former counsel, Karen J. Porter, filed a document entitled "Notice of Withdrawal of Pleading" on February 23, 2014, more than 60 days after the filing of the Debtor's Amended Schedule C, purporting to "withdraw" the Amended Schedule C filed on December 10, 2013. This document was filed without direction from the Debtor.

9. The Debtor never filed any amendment to his claim of exemptions after the December 10, 2013, and the purported "withdrawal" does not constitute an amendment of the December 10, 2013, amendment.

10. The Debtor's present counsel, David P. Lloyd, filed his appearance on March 24, 2014. At that time, Debtor's counsel began discussions with the Trustee regarding the BNSF Lawsuit. Through his counsel, the Debtor agreed to cooperate fully with the Trustee and his special counsel in prosecuting the suit, and the Trustee did obtain a settlement in the gross amount of $50,000.00.

11. At the time that the settlement was approved, the claims filed in this case totaled only $1,101.65, and the bar date had passed on June 6, 2014. In view of the amount expected in settlement of the BNSF Lawsuit, and the low amount of claims, the Trustee and Debtor expected that this would be a surplus case, and that the Debtor would receive a surplus of approximately $15,000; therefore, there was no reason to contest the Debtor's right to an exemption in the BNSF Lawsuit.

12. The Trustee filed his first Final Report and Application for Compensation on February 3, 2015.

13. The Debtor filed an objection to the Trustee's Application of Attorney for Trustee for Compensation on February 24, 2015.

14. Upon receipt of the Debtor's objection to his legal fees, the Trustee solicited the filing of a late claim by the U.S. Department of Education, which holds a non-dischargeable student loan claim of $35,646.93 against the Debtor. The Debtor has been making payments on this non-dischargeable claim during his Chapter 7 bankruptcy case and recognizes that the claim is not dischargeable.

15. As a result of the late-filed claim, this is no longer a surplus case and the Debtor will not receive any funds unless his exemption is allowed in the BNSF Lawsuit. Further, as a result of the late-filed claim, the Debtor may no longer have standing to object to the Trustee's application for legal fees.

16. As no party objected to the Debtor's claim of exemption in the BNSF Lawsuit within 60 days after it was filed, and no further amendment has been filed, the Debtor should be entitled to payment of up to $15,000 from the proceeds of the BNSF Lawsuit prior to the payment of any claims or expenses.

WHEREFORE Javari Thomas, the Debtor, prays that the Court deny approval of the Amended Trustee's Final Report filed March 11, 2015.

>Respectfully submitted,
>Javari L. Thomas
>
>By:___/s/ David P. Lloyd_____
>       One of his attorneys

David P. Lloyd, Ltd.
615B S. LaGrange Rd.
LaGrange IL  60525
708-937-1264
Fax: 708-937-1265